BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $24,800.00 IN U.S. CURRENCY,<br><br>　　　　　Defendant. | 2:14-MC-00099-GEB-CKD<br><br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　On September 4, 2013, officers with Placer County Special Investigations Unit ("Placer County SIU") were inspecting suspicious packages at the Rocklin FedEx distribution terminal at 1500 Nichols Drive, Rocklin, California.  The officers noticed a suspicious package sent by Kevin Lomax and notified the intended recipient by telephone.  The intended recipient did not give the officers consent to open the package, so the officers obtained a state search warrant to inspect the package.  Inside the package found approximately $24,800.00 in U.S. Currency ("defendant currency").  The Drug Enforcement Administration adopted the defendant currency on October 8, 2013.

　　　　2.　　The United States represents that it could show at a forfeiture trial that on or about September 4, 2013, officers with the Placer County SIU noticed a suspicious package at the FedEx facility in Rocklin, California sent by Kevin Lomax.  The officers spoke with the intended recipient by

telephone. The intended recipient did not give the officers consent to open the package, so the officers obtained a state search warrant to inspect the package. Inside the package found the defendant currency.

3. The United States could further show at trial that when the officers opened the package, they found the defendant currency inside three separate envelopes and the last envelope had a vacuum sealed plastic bag inside that contained the defendant currency.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained in this stipulation, Kevin Lomax specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Kevin Lomax agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Kevin Lomax hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Kevin Lomax shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $5,000.00 of the Approximately $24,800.00 in U.S. Currency, together with any interest that may have accrued on the total amount,

shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $19,800.00 of the Approximately $24,800.00 in U.S. Currency shall be returned to potential claimant Kevin Lomax through his attorney Derrick G. Hamlin.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Kevin Lomax waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated: July 15, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Consent Judgment of Forfeiture